McMANUS v. SOUTHERN FRUIT JULEP CO. (No. 8030.)

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 7, 1914.)

PROCESS (§ 31*)—NAME OF PLAINTIFF—TRADE-NAME.

Where a petition alleges that plaintiff was doing business in a trade-name, giving both his individual and the trade name, a citation issued only in the trade-name is not invalid, especially where a certified copy of the petition is served on the defendant, and hence a default judgment against defendant is properly entered on the petition.

[Ed. Note.—For other cases, see Process, Cent. Dig. § 25; Dec. Dig. § 31.*]

Error from Tarrant County Court; Charles T. Prewitt, Judge.

Action by the Southern Fruit Julep Company against J. W. McManus. From a judgment for plaintiff, defendant brings error. Affirmed.

Short & Feild, of Dallas, for plaintiff in error. McGown, Murphy & McGown, of Ft. Worth, for defendant in error.

CONNER, C. J. This suit was instituted on the 17th day of December, 1913, by the Southern Fruit Julep Company, alleged to be entirely owned by A. M. Luckett, against the Crown Manufacturing & Bottling Company, alleged to have been owned entirely by J. W. McManus, residing in Dallas county, Tex., upon a verified account for goods, wares, and merchandise of the alleged value of $290. Citation was duly issued commanding the sheriff or constable of Dallas county to summon "Crown Manufacturing & Bottling Company, J. W. McManus, proprietor, to appear before the county court * * * to answer the petition of Southern Fruit Julep Company, plaintiff, filed in said court on the 17th day of December, 1913, against the said Crown Manufacturing & Bottling Company, J. W. McManus, proprietor, for suit, said suit being No. 13586, the nature of which demand is as follows," etc. The return was by a constable of Dallas county certifying that the citation had come into his hands on the "17th day of December, 1913, at 10 o'clock, and executed the 18th day of December, 1913, by delivering to J. W. McManus, the within-named defendants, each in person a true copy of this citation, together with the accompanying certified copy of plaintiff's original petition." On the 7th day of January following a judgment by default was entered, reading, so far as necessary to be stated:

"This cause coming regularly on to be heard, plaintiff, represented by its attorney, and defendant, though having been duly cited to appear and defend this action, appearing not, but wholly making default, the court having heard the testimony, being fully advised in the premises, finds that defendant, J. W. McManus, doing business under the name and style of Crown Manufacturing & Bottling Company, is indebted to plaintiff upon an open account in the sum of $290.13, and that said defendant agreed in writing to pay 10 per cent. of said amount as attorney's fees if placed in the hands of an attorney for collection, and that said defendant is further indebted to plaintiff in the sum of $29.01, attorney's fees, making a total of $319.14, and that plaintiff ought to recover of said defendant the said amount. It is therefore ordered, considered, and adjudged by the court that plaintiff do have and recover of and from said defendant, J. W. McManus, the sum of $319.14, with interest from this date at the rate of 6 per cent. per annum and its costs in this behalf expended, for which let execution issue."

J. W. McManus prosecutes this writ of error from the judgment above described and presents two questions only. It is first insisted, in effect, that the judgment is unauthorized in that the citation "omits the name of the plaintiff." A scrutiny of that part of the citation we have quoted renders it quite evident that the citation does contain the name "Southern Fruit Julep Company, plaintiff." The petition was so entitled, the suit was so docketed, and the judgment so entered. The fact that A. M. Luckett's name did not appear in the citation cannot nullify the judgment, for it is quite evident, from the averments of the petition, that Luckett was doing business under the name of Southern Fruit Julep Company, and we know of no rule of law which prevents a person from doing business under any name that he may

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

choose, and, in giving the name "Southern Fruit Julep Company," the citation did give the trade-name of Luckett. Moreover, the omission of A. M. Luckett's name from the citation, if in any event it could be said to be material, was entirely cured by the fact that a certified copy of the original petition was served upon the plaintiff in error in Dallas county, and this petition contained, not only the trade-name, but the individual name of the plaintiff, in whose real interest and for whose real benefit the suit was instituted.

What we have said in disposing of the objection to the citation substantially answers the only other question raised on the appeal. This is embodied in plaintiff in error's second proposition, which reads:

"To authorize a judgment by default, the petition upon which it was rendered must show a cause of action existing in favor of the plaintiff. Where such cause of action is shown to exist in the name of another person, no recovery can be had by the plaintiff."

As already indicated, we do not think it can be said that the cause of action declared upon appears from the plaintiff's allegations "to exist in the name of another person." Under the allegations of the petition, the "Southern Fruit Julep Company" and "A. M. Luckett" identify the same person; one being the trade-name and the other the surname of the plaintiff, which the petition sufficiently discloses.

We are of the opinion that the judgment must be sustained, and it is accordingly in all things affirmed.